# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DEANA COLLIS, et al.,

      Plaintiffs,

v.                                   Case No. 09-1190-EFM-DWB

DAVID L. BAILEY, et al.,

      Defendants.

## MEMORANDUM AND ORDER

During the pretrial conference, Plaintiff orally indicated a desire to amend her complaint to add parties. At the Court's direction, Plaintiff subsequently filed a Motion for Leave to Amend Complaint (Doc. 32) seeking to add the City of Great Bend, Kansas as a party defendant, and to also add the Barton County Attorney as a party defendant. Defendants responded and objected to the motion insofar as it sought to add the City of Great Bend as a party while also retaining official capacity claims against the individual officer. (Doc. 33.) Defendants also objected to the request to add the Barton County Attorney as a party defendant. *Id.* Plaintiff has not filed a reply, and the time for any such reply has now expired. *See* D. Kan. Rule 6.1(d)(1). After reviewing the briefs of the parties, the Court is prepared to rule.

    1.    <u>The City of Great Bend, Kansas.</u>

Plaintiff states that she inadvertently omitted naming the City of Great Bend as a defendant even though the caption of the case listed each defendant in their "individual and official capacity" and each of the police officer defendants were employees of the City of Great Bend. (Doc. 32, at 1 ¶ 2.) Defendants' only object to this part of the motion to the extent that Plaintiff seeks to retain official capacity claims against the individual officers <u>and</u> add the City as a party defendant. (Doc. 33, at 2.)

The Court agrees with Defendants that when a plaintiff names both a city and a city officer in his official capacity as defendants, the suit against the officer is redundant and should be dismissed. *See* <u>Sims v. United Government of Wyandotte County/Kansas City, Kansas</u>, 120 F.Supp.2d 938, 945 (D. Kan. 2000); <u>Semsroth v. City of Wichita</u>, No. 06-2376-KHV, 2007 WL 2091167 at * 4 (D. Kan, Jul. 20, 2007). Accordingly, Plaintiff should be allowed to add the City of Great Bend as a party defendant in this case, but upon doing so must forgo any claims against the city police officers "in their official capacity." Plaintiff may proceed with claims against the city police officers "in their individual capacity." As a result, Plaintiff's motion to amend is GRANTED insofar as it seeks to add the City of Great Bend, Kansas as a party defendant, but only on the condition that Plaintiff dismiss any "official

capacity" claims against the individual defendant-police officers who were employees of the City of Great Bend.

### 2. Barton County Attorney

The deadline for filing amendments and adding parties was set in the scheduling order in this case for December 15, 2009. (Doc. 9, at 7.) Plaintiff states that until she took the deposition of Lt. David Bailey of the Great Bend Police Department on May 26, 2010, she was not aware of the unique procedure concerning criminal complaints in Barton County, and thus did not name the Barton County Attorney as a party earlier. (Doc. 32, at 3 ¶ 14.) Defendants respond that the procedure in Barton County concerning handling of criminal complaints should have been evident to Plaintiff even before suit was filed, and Plaintiff was aware of the county attorney's involvement in prosecuting claims against her even if she did not realize that the complaint signed by Defendant Bailey was prepared by the County Attorney's office. (Doc. 33, at 2-3.) Under the factual circumstances of this case, the Court does not fault Plaintiff for seeking to amend her complaint after the deadline set in the scheduling order, and accordingly will address the merits of her motion to amend.

As to the merits of the motion, Defendant argues that the County Attorney has absolute prosecutorial immunity for his conduct in connection with preparing

pleadings to pursue criminal charges as was done in this case, citing Imbler v. Pachtman, 424 U.S. 409, 430 (1976); Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993), and Kalina v. Fletcher, 522 U.S. 118, 128-29 (1997).  Because Plaintiff has not filed any reply, Plaintiff has not presented any arguments or evidence to rebut Defendants' arguments that the County Attorney's actions in this case are protected by absolute immunity.  Nothing in the record suggests that the actions of the County Attorney were other than activities "closely associated with the judicial process," Mink v. Suthers, 482 F.3d 1244, 1258-60 (10th Cir. 2007), and intimately associated with the judicial phase of the criminal process.  Imbler, 424 U.S. at 430.  Accordingly, based on the facts presented, it appears that the Barton County Attorney's actions identified by Plaintiff as a basis for her claims are such that he would be entitled to absolute immunity, and therefore attempted joinder of the County Attorney would be futile.

     The procedural difficulties if the County Attorney were joined as a party in this case at this late date also counsel against his joinder.  The motion to amend was initially made at the pretrial conference and if a new party were to be joined now, that party could seek to conduct discovery, including duplication of discovery already conducted, and would be entitled to adequate time to prepare his defense.  This would unduly delay the trial of the claims presently brought in this case.

Therefore, to the extent that Plaintiff's motion seeks joinder of the Barton County Attorney, the motion is DENIED.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Amend (Doc. 32) is GRANTED in PART and DENIED in PART as set out in this Memorandum and Order. As a result, Plaintiff is hereby directed to revise Plaintiff's Second Amended Complaint for Damages that was attached to the motion to reflect the rulings of the Court. This revised Plaintiff's Second Amended Complaint for Damages shall be filed by Plaintiff on or before **August 16, 2010**, and Defendants are hereby granted until **August 30, 2010** to file answers or responses to the amended complaint. The Court will thereafter reschedule the final pretrial conference in this case.

**IT IS SO ORDERED.**

Dated this 29th day of July, 2010, at Wichita, Kansas.

                                          s/ DONALD W. BOSTWICK
                                          Donald W. Bostwick
                                          U.S. Magistrate Judge